IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SUPERIOR MRI SERVICES, INC., and
SUPERIOR MRI SERVICES, INC. as
Successor-in-Interest of P & L
CONTRACTING, INC.                                                    PLAINTIFFS

V.                                                    CAUSE NO.: 3:12CV113-SA-SAA

ALLIANCE HEALTHCARE SERVICES,
INC., formerly ALLIANCE IMAGING, INC.,
and D/B/A ALLIANCE IMAGING and
ALLIANCE IMAGING, INC., and
JOHN DOES DEFENDANTS I THROUGH X                                     DEFENDANTS

MEMORANDUM OPINION

Defendant Alliance Healthcare Services (Alliance) seeks dismissal of this case pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In particular, Alliance asserts that Superior MRI Services, Inc., (Superior) lacks standing to assert any allegations as it is not a successor-in-interest to P&L Contracting. Because Superior MRI Services, Inc. was not in existence at the time P&L Contracting dissolved, the contracts at issue could not have been legally assigned to Superior. Therefore, Superior MRI Services has no standing to pursue claims on behalf of P&L Contracting. Moreover, Plaintiff has failed to state a claim for which relief can be granted. For the reasons listed below, the Motion to Dismiss [9] is GRANTED.

*Factual and Procedural Background*

P&L Contracting, Inc. was created in October of 2006 and offered mobile MRI Imaging Services to Mississippi hospitals as approved by the Mississippi Department of Health. While operational, P&L executed contracts with several hospitals, including Yalobusha General Hospital, King's Daughter Hospital, Sharkey-Issaquena Community Hospital, South Sunflower County Hospital, North Sunflower County Hospital, Tri-Lakes Hospital, Stone County Hospital,

and Tallahatchie General Hospital. P&L entered bankruptcy in January of 2012, and formally dissolved on November 15, 2012. In its bankruptcy filings, P&L claims it assigned its outstanding MRI Service Agreements to Superior MRI Services as of October 1, 2011. According to the Mississippi Secretary of State records, however, Superior MRI Services, Inc., was not incorporated until November 28, 2011.

The Complaint filed by Superior alleges that Alliance acquired an unfair advantage in placing mobile scanners as fixed sites and in not complying with the Mississippi Certificate of Need laws. Moreover, Superior claims that Alliance tortiously interfered with its business relations by violating the Mississippi State Board of Health rules and regulations with regards to Certificates of Need, tortiously interfered with contracts, and violated the Federal Trade Commission Act. Plaintiff additionally seeks injunctive relief due to Alliance's alleged violations of Board of Health regulations.

Alliance contends the Complaint must be dismissed as there is no individual right of action provided by the Federal Trade Commission Act or the Mississippi Certificate of Need laws; Superior lacks standing to assert tortious interference claims on behalf of P&L Contracting; and no injunctive or equitable relief is available.

*Motion to Dismiss Standard*

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). The complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." Id., 129 S. Ct. 1937 (citation and quotation marks omitted). The plaintiff's claims must also be plausible on

their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., 129 S. Ct. 1937 (citation omitted). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id., 129 S. Ct. 1937 (citation omitted).

*Discussion and Analysis*

Alliance contends that Superior MRI Services, Inc., has no standing to assert the tortious interference claims on behalf of P&L Contracting. The three requirements of Article III standing are familiar: the plaintiffs must allege an injury in fact that is fairly traceable to the defendant's conduct and is likely to be redressed by a favorable ruling. See, e.g., Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992); Nat'l Solid Waste Mgmt. Ass'n v. Pine Belt Reg'l Solid Waste Mgmt. Auth., 389 F.3d 491, 498 (5th Cir. 2004); Procter & Gamble Co. v. Amway Corp., 242 F.3d 539, 560 (5th Cir. 2001).

This Plaintiff satisfies those requirements. Superior alleges it has lost business due to Alliance's supposed disregard of the Mississippi Certificate of Need laws, and an award of damages could remedy that loss. Harold H. Huggins Realty, Inc. v. FNC, Inc., 634 F.3d 787 (5th Cir. 2011). However, even where Article III standing requirements are satisfied, prudential considerations require that a party "generally must assert [its] own legal rights and interests, and cannot rest [its] claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). The goal of the prudential standing requirements is to "determine whether the plaintiff 'is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.'" Procter & Gamble, 242 F.3d at 560 (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 106 S. Ct. 1326, 1334 n.8, 89 L. Ed. 2d 501 (1986)). "These judicially created limits concern whether a plaintiff's grievance

arguably falls within the zone of interests protected by the statutory provision invoked in the suit, whether the complaint raises abstract questions or a generalized grievance more properly addressed by the legislative branch, and whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties." Procter & Gamble, 242 F.3d at 560. Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6). See Blanchard 1986, Ltd. v. Park Plantation, LLC, 553 F.3d 405, 409 (5th Cir. 2008).

Alliance contends that because there was no valid assignment of rights in the applicable contracts from P&L to Superior MRI and there was no valid merger, Superior MRI has no standing to contest any alleged interference with those contracts.

P&L Contracting was created in October of 2006, and according to the Mississippi Secretary of State records, was dissolved on November 15, 2012. A bankruptcy action filed on P&L Contracting's behalf lists its MRI Service Agreements as assigned to Superior MRI Services on October 1, 2011. Superior MRI Services, however, was not in existence on October 1, 2011. Indeed, that entity was created pursuant to the Articles of Incorporation on November 28, 2011. See Miss. Code Ann. § 79-4-2.03 (providing that "[u]nless a delayed effective date is specified, the corporate existence begins when the articles of incorporation are filed."). No other evidence of assignment has been produced or asserted by Superior MRI.[1] Indeed, the Complaint states only that Superior MRI is a "successor in interest" without providing further explanation.

---

[1] Although the contracts attached to Plaintiff's Response are outside the record for purposes of a 12(b)(6) motion, the Court notes that the language in those contracts provides that the contracts "shall not be assignable by P&L Contracting without prior written consent of" the contracting hospitals. Superior has failed to include any written permission for assignments from P&L Contracting to Superior MRI for MRI services.

4

Superior does, however, contend in response to the Motion to Dismiss that P&L Contracting and Superior MRI were merged, and that merger was recognized by the Department of Health. However, no Plan of Merger or Articles of Merger have been filed with the Mississippi Secretary of State evidencing such action. See Miss. Code Ann. §§ 79-4-11.02, 11.06 (requiring a plan of merger and articles of merger once completed to be filed with the Mississippi Secretary of State). Moreover, Plaintiff has failed to put forth case law or other authority that the Department of Health's acknowledgment that a merger was ongoing is conclusive as to their legal status. Accordingly, the Court finds no evidence in the public record for the conclusion that Superior MRI has prudential standing to enforce the rights of P&L Contracting in this cause of action.[2] Therefore, all claims of P&L Contracting are dismissed and Superior MRI Services, as successor in interest of P&L Contracting, Inc., is dismissed as a party plaintiff.

To the extent that Superior MRI Services has pled a cause of action for tortious interference with business relations or contract on its own behalf, the Court also dismisses those claims. Plaintiff lists three instances it contends were affected by Alliance's conduct: (1) Tri-Lakes Hospital's termination of Plaintiff's contract on November 17, 2011; (2) a proposed contract to North Mississippi Medical Center-Eupora in February of 2009; and (3) a proposed contract to North Mississippi Medical Center-Clay County, which was not accepted. As noted

---

[2] Plaintiff also puts forth evidence that John Park and David Dunigan, the incorporators of Superior MRI Services "met and [b]egan acting on behalf of Superior MRI Services" in September of 2011 by applying for an IRS assigned Employer Identification Number and opening a checking account in Superior MRI Services' name. However, the Court finds further support for the position that there is no prudential standing for Superior in the statutory provision that hold persons purportedly act as or on behalf of a corporation, where there has been no incorporation under the Mississippi Business Corporation Act, "jointly and severally liable for all liabilities created while so acting." Miss. Code Ann. § 79-4-2.04. Therefore, pre-incorporation activity by individuals is not ratified as a corporate undertaking by the corporation once incorporated. Thus, those actions taken by the individuals, who in September of 2011, were "discuss[ing] the formation of Superior MRI Services, Inc." did not a corporation make.

above, Superior MRI was not in existence on November 17, 2011 or February of 2009, therefore, the Plaintiff in this case was not a party in interest to those contracts. No date is given for the proposed Clay County contract.

Regardless of whether Superior MRI was a party in interest to the contracts and prospective contracts, Plaintiff has failed to state a claim for which relief can be granted. Rule 8 of the Federal Rules of Civil Procedure sets out the fundamental pleading standard for civil litigation and governs all claims in a civil suit, requiring "a short plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "A plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. 1955. Factual allegations must be enough to raise a right to relief above the speculative level. Id. Although the Supreme Court in Twombly stressed that it did not impose a probability standard at the pleading stage, the allegation of a mere possibility of relief does not satisfy the threshold requirement of Rule 8(a)(2) that the "plain statement" of a claim include factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. Id. at 557, 127 S. Ct. 1955; see also Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

To state a claim for tortious interference with a business relationship under Mississippi law, a plaintiff must show that: (1) the acts were intentional and willful; (2) that they were calculated to cause damage to the plaintiffs in their lawful business; (3) that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) that actual damage or loss resulted. O.W.O. Invs., Inc. v. Stone Inv. Co., Inc., 32 So. 3d 439, 448-49 (Miss. 2010); Biglane v. Under the Hill

Corp., 949 So. 2d 9, 15-16 (Miss. 2007). The Mississippi Supreme Court derived these factors from the similar tort of wrongful interference with contract. Par Indus., Inc. v. Target Container Co., 708 So. 2d 44, 48-49 (Miss. 1998). Whether the defendant's acts were intentional or willful does not require an outright confession to that effect, but rather may be inferred. Id. at 48 (citing Liston v. Home Ins. Co., 659 F. Supp. 276, 281 (S.D. Miss. 1986)). Regarding tortious interference with contract, the district court stated that "the requisite intent is inferred when defendant knows of the existence of a contract and does a wrongful act without legal or social justification that he is certain or substantially certain will result in interference with the contract." Liston, 659 F. Supp. at 281. "Because the actions for tortious interference with contract and with business relations have identical elements, we can apply the Liston test for intentional or willful conduct to the claim of tortious interference with business: (1) knowledge, (2) action, and (3) substantial certainty." Amsouth Bank v. Gupta, 838 So. 2d 205, 214 (Miss. 2002).

Plaintiff's Complaint mentions the proposed contracts with North Mississippi-Eupora and Clay County, and then claims in a conclusory fashion that Superior MRI did not receive those contracts because Alliance offered to set up mobile scanners at those sites full time in violation of the Mississippi Certificate of Need laws. This type of pleading does not comply with Iqbal and Twombly. In particular, Plaintiff fails to overcome the plausibility burden imposed by those cases. Plaintiff enumerates the elements of the torts but fails to make factual, not conclusory, allegations regarding at least the first two prongs – that the conduct was willful and intentional and calculated to bring about damage to the Plaintiff's business. Accordingly, Counts I and II of Plaintiff's Complaint are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff attempts to additionally bring a cause of action under the Federal Trade Commission Act. As the Fifth Circuit has explained, "[T]here is no private cause of action for

violation of the FTC Act." Fulton v. Hecht, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978). Accordingly, Count III is also dismissed.

Further, Plaintiff bases her tortious interference claims and her request for injunctive relief on the allegation that Alliance failed to comply with the Mississippi Certificate of Need regulations. As noted by the Mississippi Supreme Court, "a mere violation of a statute or regulation will not support a claim where no private cause of action exists." Tunica County v. Gray, 13 So. 3d 826, 829 (Miss. 2009). "[T]he general rule for the existence of a private right of action under a statute is that the party claiming the right of action must establish a legislative intent, express or implied, to impose liability for violations of that statute." Doe v. State ex rel. Miss. Dep't of Corrections, 859 So. 2d 350, 355 (Miss. 2003). Indeed, the Mississippi Supreme Court has declined to find a "private right of action for violations of various statutes and regulations" in the absence of legislative intent. Id. The Plaintiff has failed to establish that the legislature intended to create a private right of action under the Certificate of Need regulations. In fact, Plaintiff has indicated that it has participated in the administrative process by filing a complaint with the State Board of Health.

In order to determine if a private cause of action exists under a statute, the Court must first look to the language of the statute and any relevant legislative history in order to ascertain the legislative intent. Gray, 13 So. 3d at 830. The Mississippi Code grants authority to the State Department of Health to issue certificates of need for health care facilities and major medical equipment. The State Department of Health is also tasked with adopting and utilizing procedures for conducting certificate of need reviews. Miss. Code Ann. § 41-7-197(1). The procedures require notice sent from the State Department of Health, a hearing conducted by a designated hearing officer, sworn testimony, and representation by counsel. Id. The State Health

Officer makes all final decisions. The statute additionally contemplates judicial appeals of the State Health Officer's written findings. Miss. Code Ann. § 41-7-197(3). "The [Certificate of Need] statutory scheme provides an administrative remedy followed by judicial review. Absent extraordinary circumstances, we regard such procedural remedies a party's exclusive route of redress for administrative grievances." Durant v. Humphreys County Mem. Hosp., 587 So. 2d 244, 252 (Miss. 1991). As noted above, Plaintiff has instituted an administrative claim against Alliance, and has alerted the State Department of Health as to the violations of the Certificate of Need laws it feels that Alliance has committed. Thus, Plaintiff's sole remedy is through the administrative process outlined under Title 41 of the Mississippi Code. Plaintiff's claims are dismissed.

*Conclusion*

Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff has not put forth any allegations or facts rebutting that they are indeed a successor in interest to P&L Contracting. Further, Plaintiff's tortious interference claims do not surpass the plausibility burden imposed by Iqbal and Twombly. The Mississippi Certificate of Needs laws and the Federal Trade Commission Act cannot be enforced through private causes of action. Accordingly, for these reasons, Plaintiff's complaint must be dismissed.

SO ORDERED, this the 24th day of January, 2014.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**

9